1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAX DANIEL TRACY,

                          Plaintiff,

      v.

RICK SCOTT, *et al*.,

                          Defendants.

Case No. C22-5162-RAJ-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff is currently confined at the Grays Harbor County Jail ("the Jail") in Montesano, Washington where he is awaiting trial on domestic violence related charges.  Plaintiff alleges in this action that the Chief of the Jail, Travis Davis, violated his Sixth Amendment right to counsel when he installed cameras and microphones in the room used for attorney-client meetings, and recorded conversations between Plaintiff and his criminal defense attorney.  *See* Dkt. 9.

Defendant Davis has now filed a motion for summary judgment in which he argues that Plaintiff has not established that his right to counsel was violated and that he failed to exhaust his

REPORT AND RECOMMENDATION
PAGE - 1

administrative remedies before commencing this lawsuit.  Dkt. 19.  Plaintiff has been advised of

the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)

(*see* Dkt. 22), and has had ample opportunity to file a response to Defendant's motion, but has

failed to do so.  The Court, having reviewed Plaintiff's amended complaint, Defendant's motion

for summary judgment, and the balance of the record, concludes that Defendant's motion should

be granted, and that Plaintiff's amended complaint and this action should be dismissed without

prejudice for failure of Plaintiff to exhaust his administrative remedies.

## II.    BACKGROUND

Plaintiff initiated this action on March 16, 2022, by submitting to this Court for review a

proposed civil rights complaint together with an application for leave to proceed with this action

*in forma pauperis*.  Dkts. 1, 1-1.  Plaintiff set forth two causes of action in his original complaint.

*See* Dkt. 7 at 5-7.  Plaintiff alleged in the first count of his complaint that his Sixth Amendment

right to counsel and his Fourteenth Amendment right to due process were violated by a cell

search conducted outside of his presence by Jail Sergeant Jeff Niles.  *Id.* at 5-6.  Plaintiff alleged

in the second count of his complaint that his "right to Attorney-Client Privilege And Work

Product" was violated when he was forced to meet with his attorney in an interview room that

had cameras and microphones inside.  *Id*. at 7.

Plaintiff identified six Defendants in his complaint, including Grays Harbor County

Sheriff Rick Scott, Grays Harbor County Undersheriff Brad Johanson, Jail Chief Travis Davis,

and three Grays Harbor County sheriff's deputies.  Dkt. 7 at 3-4.  Plaintiff requested relief in the

form of dismissal of all of his charges with prejudice, immediate release from custody, and

$400,000 in damages.  *Id*. at 9.

REPORT AND RECOMMENDATION
PAGE - 2

After reviewing Plaintiff's proposed complaint, this Court concluded that Plaintiff had not adequately alleged a viable claim for relief in his pleading.  Thus, on April 14, 2022, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies.  Dkt. 8.  Plaintiff submitted a proposed amended complaint to the Court for review on May 4, 2022.  Dkt. 9.  Plaintiff asserted only a single cause of action in his amended complaint, *i.e.*, that his Sixth Amendment right to counsel was violated by the placement of cameras and microphones in the attorney-client meeting room at the Jail, and the subsequent illegal recording of private meetings between Plaintiff and his attorney.  *Id.* at 4-6.  Plaintiff claimed that law enforcement officers and/or prosecutors were allowed to watch the illegal recordings and thereby able to "gain[ ] information," including trial strategy.  *Id.* at 5-6.

Plaintiff identified only three Defendants in his amended complaint, including Sheriff Scott, Undersheriff Johanson, and Jail Chief Davis.  Dkt. 9 at 1, 3.  Plaintiff requested relief in the form of dismissal of all pending charges with prejudice, and $23,000 in damages.  *Id.* at 7.  After reviewing Plaintiff's amended pleading, the Court determined that Plaintiff had adequately alleged a cause of action against only Travis Davis as the amended complaint did not assert any claim for relief against either Rick Scott or Brad Johanson.  Thus, on July 15, 2022, the Court issued an Order directing service of Plaintiff's amended complaint on Travis Davis.  Dkt. 11.  Plaintiff was advised therein that if he wished to pursue claims against Rick Scott or Brad Johanson he would have to amend his pleading further at a later date.  *Id.* at 2.  Plaintiff has at no point during the pendency of this action sought further leave to amend.

REPORT AND RECOMMENDATION
PAGE - 3

Defendant Davis filed a timely answer to the complaint on September 5, 2022, and the Court issued an Order establishing pretrial deadlines on September 15, 2022.  Dkts. 16, 17.  On October 12, 2022, Defendant Davis filed the pending summary judgment motion, which was originally noted on the Court's calendar for consideration November 11, 2022.  Dkt. 19.  Plaintiff thereafter moved for a sixty-day extention of time to file his response to Defendant's motion, citing his limited access to legal resources at the Jail.  Dkt. 23.  The Court granted the requested extension, and directed Plaintiff to file his response to Defendant's motion not later than January 2, 2023.  Dkt. 24.  Defendant's motion was renoted on the Court's calendar for consideration on January 6, 2023.  *See id.*  To date, Plaintiff has filed no response to the pending summary judgment motion.

## III.    DISCUSSION

Defendant argues in his motion for summary judgment that Plaintiff has established no violation of his Sixth Amendment rights. Dkt. 19 at 3-4.  Defendant also argues that Plaintiff failed to exhaust his administrative remedies prior to commencing this action and is therefore entitled to summary judgment on this basis as well.  *Id*. at 5.  The Court need only address the exhaustion issue as it is dispositive of this matter.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires *complete* exhaustion through any available process.  *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Section 1997e(a) also requires *proper* exhaustion.

REPORT AND RECOMMENDATION
PAGE - 4

1    *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "Proper" exhaustion means full compliance by a

2    prisoner with all procedural requirements of an institution's grievance process.  *See id*. at 93-95.

3        Failure to exhaust administrative remedies is an affirmative defense which a defendant

4    must plead and prove.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v.*

5    *Bock*, 549 U.S. 199, 216 (2007)).  A defendant must produce evidence demonstrating that there

6    was an available administrative remedy and that the prisoner did not exhaust that remedy.  *Id*. at

7    1172.  The burden then shifts to the prisoner who must show that there is something in his case

8    that made the existing remedies effectively unavailable to him.  *Id*.  If undisputed evidence

9    viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is

10   entitled to summary judgment.  *Id*. at 1166.

11        Defendant Davis, in a declaration submitted in support of his summary judgment motion,

12   states that the Jail has a two-tiered administrative grievance system through which inmates "may

13   seek redress on a variety of issues."  Dkt. 20, ¶ 4.  According to Defendant Davis, grievances can

14   be filed using approved forms, and inmates who are dissatisfied with the response they receive to

15   their grievance may submit an appeal.  *Id*.  A different member of the Jail's administrative staff

16   independently reviews and responds to the concerns raised in the grievance at each of the two

17   levels of review.  *Id*.  Grievance materials, including grievances, grievance appeals, and all

18   responses thereto, "are retained by the jail for a specified period of time."  *Id*.  That time period

19   is not specified in Defendant Davis's declaration.  Defendant Davis avers that a review of the

20   Jail's records revealed that Plaintiff had at no point filed a grievance regarding the presence of

21   cameras or other recording devices in the room where attorney-client meetings are conducted.

22   Dkt. 20, ¶ 5.

23

REPORT AND RECOMMENDATION
PAGE - 5

Plaintiff offers no evidence to refute that presented by Defendant indicating that there was an available grievance system through which he could have sought redress with respect to his concern regarding cameras and other recording devices in the attorney-client meeting room, but he failed to do so. As Plaintiff offers no evidence that he exhausted his administrative remedies or that such remedies were effectively unavailable to him, Defendant Davis is entitled to summary judgment in this matter.

With respect to Sheriff Scott and Undersheriff Johanson, because Plaintiff alleges no cause of action against either of these individuals in his amended complaint, and because Plaintiff has at no point sought leave of court to amend his complaint to add claims against these individuals, these two individuals should be dismissed without prejudice, pursuant to 28 U.S.C § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), based upon Plaintiff's failure to state any claim upon which relief may be granted.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Defendant Davis's motion for summary judgment be granted, and that Plaintiff's amended complaint and this action be dismissed without prejudice as to Defendant Davis based upon Plaintiff's failure to exhaust his administrative remedies. The Court further recommends that proposed Defendants Scott and Johanson be dismissed from this action, without prejudice, for failure of Plaintiff to state any claim upon which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 6

and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3**, **2023**.

DATED this 10th day of January, 2023.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7